## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| Leslie Johnson, | : |
| | : Civil Action No.: _____ |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| Alliance Asset Management, Inc.; and DOES | : **COMPLAINT** |
| 1-10, inclusive, | : |
| | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Leslie Johnson, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiff, Leslie Johnson ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Alliance Asset Management, Inc. ("Alliance"), is a Illinois business entity with an address of 330 Georgetown Square, Suite 104, Wood Dale, Illinois 60191, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Alliance and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Alliance at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $550.00 (the "Debt") to Eastside Lenders (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Alliance for collection, or Alliance was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Alliance Engages in Harassment and Abusive Tactics

12.     The Defendants called the Plaintiff at least three (3) times per day.

13.     The Defendants called the Plaintiff on weekends.

2

14.     The Defendants called the Plaintiff at her place of employment.

15.     The Plaintiff told the Defendants to not contact her at her place of employment. The Plaintiff was employed as a truck dispatcher, and the Defendants' calls tied up the dispatch phone lines.

16.     The Defendants continued to call the Plaintiff at her place of employment.

17.     The Defendants left voice messages on the employer's message system stating they were debt collectors trying to collect a debt from the Plaintiff.

18.     The Defendants' calls and messages angered the Plaintiff's employer.  As a result, the Plaintiff was fired from her job.

19.     The Plaintiff stated to the Defendant that she could not immediately pay the debt. As a result, the Defendants asked for a postdated check.

20.     The Plaintiff sought to make payments towards the debt.  The Defendants stated the payments were not substantial and told the Plaintiff that they would take payments from her whenever they felt like it.

21.     The Defendants failed to notify the Plaintiff of her rights, under federal and state law, including the right to dispute the debt, by written correspondence within five (5) days of initial contact.

**C.  <u>Plaintiff Suffered Actual Damages</u>**

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

28.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

29.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

30.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

31.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

32.     The Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants

caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

33. The Defendants' conduct violated 15 U.S.C. § 1692f(2) in that Defendants attempted to solicit a post-dated check by more than five days, without three business days written notice of intent to deposit.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

39. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

## MD. CODE COMM. LAW § 14-201, ET SEQ.

41.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

43.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

44.     The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

45.     The Defendants used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

46.     The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

47.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

50.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff by calling her numerous times, placing calls to her place of employment after learning she could not be contacted there, and not taking payments when she tried to make payments towards the debt.

51.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

52.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT IV

## VIOLATION OF LICENSING REQUIREMENTS FOR COLLECTION AGENCIES

## MD. ANN. CODE BUS. REG. § 7-101 ET SEQ.

54.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.     Defendant Alliance is a "collection agency" as defined by Md. Ann. Code. Bus. Reg. § 7-101(c).

56.     As a collection agency doing business within the state of Maryland, the Defendant

7

is required to obtain a license under MD. Ann. Code.. Bus. Reg. § 7-301(a) and to execute a surety bond under MD. Ann. Code. Bus. Reg. § 7-304(a).

57.     The Defendant is not in good standing and its license status is marked "forfeited" for "failure to file property return for 2008," as indicated by the Maryland Department of Assessments and Taxation.

58.     Under MD. Ann. Code. Bus. Reg. § 7-401(a), a person may not willfully or knowingly do business as a collection agency unless properly licensed.

59.     The Defendant is subject to the penalties imposed under MD. Ann. Code. Bus. Reg. § 7-401(b) for failure to obtain a license while doing business as collection agency in the state of Maryland and the Plaintiff is, therefore, entitled to damages.

## COUNT V

## COMMON LAW FRAUD

60.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Maryland.

62.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, fear, frustration and embarrassment caused by the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

8

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 3, 2010

Respectfully submitted,

By _/s/ Forrest E. Mays_____

Forrest E. Mays (Bar No. 07510)
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com
MD Bar No. 07510

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
ATTORNEYS FOR PLAINTIFF